# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BOBBY STEVENSON (#120379)**　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**22-472-SDD-RLB**

**JACOB C. JOHNSON, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 17, 2023.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BOBBY STEVENSON (#120379)　　　　　　　　　　　　　　　　CIVIL ACTION

VERSUS

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　22-472-SDD-RLB

JACOB C. JOHNSON, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss (R. Doc. 12). The Motion is opposed. *See* R. Doc. 20.

The *pro se* Plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP"), filed this proceeding pursuant to 42 U.S.C. § 1983 against Jacob C. Johnson, Paul M. Toce, and Randy Lavespere, complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs. He seeks monetary and injunctive relief.

Defendants first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of Plaintiff's claims against them in their official capacities. Section 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, to the extent the plaintiff may be asserting claims against

defendants in their official capacities for monetary damages, any such claims are subject to dismissal.

Turning to Plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, Defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

**Plaintiff's Allegations**

In his Complaint, as amended, Plaintiff alleges the following: On October 8, 2003 the plaintiff injured his ankle while playing basketball. The plaintiff's ankle was dislocated and fractured, requiring the placement of syndesmotic screws to immobilize the ankle joint after it was realigned. An out of field duty status was issued, which prohibited prolonged walking and standing. The duty status was eventually made permanent to prevent the surgical screws from breaking. "2º to pins in ankle" was noted on the duty status. At some point the plaintiff was returned to working in the field, and in 2006 an x-ray showed that one of the screws in the plaintiff's ankle had broken. The plaintiff was experiencing severe pain and swelling. He was provided with an ankle brace and his prior duty status was reinstated. This duty status (out of field, no prolonged walking or standing) remained in place until it was changed by defendant Dr. Lavespere in 2019.

Despite being continuously involved in the plaintiff's medical care for many years, in 2019 defendant Dr. Lavespere found that regular duty was appropriate and that there was no reason for a limited duty status. An x-ray, taken in March of 2020 showed that both screws in the plaintiff's ankle were broken. The plaintiff was not informed of these changes until April 27, 2021. The plaintiff had been examined by defendants Dr. Toce and Dr. Lavespere for his many complaints of pain, swelling, and requests for a limited duty status. Despite knowledge of the

broken screws, neither of these defendants referred the plaintiff to an orthopedic specialist for removal or repair of the screws.

On August 25, 2021, the plaintiff was seen by orthopedist Dr. Sylvest. Dr. Sylvest recommended that the plaintiff be referred to an orthopedic surgeon for evaluation of the broken screws, and that the plaintiff's duty status be modified until the problem with the broken screws was resolved. At this visit, the plaintiff was informed that the broken screws were the likely cause of the pain and swelling in his right ankle. Dr. Sylvest also informed the plaintiff that a brace would be provided to stabilize his ankle until he could be evaluated by an orthopedic surgeon. Defendant Dr. Lavespere signed off on Dr. Sylvest's consultation report. In response to plaintiff's later complaint, Dr. Toce responded that a brace and heel stretches, not surgery, had been recommended. However, neither the brace nor heel stretches were recommended as treatment for the broken screws.

Dr. Sylvest recommended that the plaintiff be evaluated by an orthopedic surgeon on August 25, 2021, and an x-ray taken in September of 2021 noted that fracture of both surgical screws implies loosening of the previous fusion; however, at the time of the filing of the plaintiff's initial Complaint in July of 2022 an appointment with an orthopedic surgeon had not yet been made. Despite the plaintiff's complaints and the lack of evaluation by a surgeon, the defendants have still refused to provide the plaintiff with an appropriate duty status.

Additionally, while the plaintiff has been issued Ted Stockings, administered blood pressure medication, and has been placed on a low salt diet, this treatment is unrelated to the swelling and pain in the plaintiff's right ankle caused by the broken screws. The plaintiff has only been provided with an ankle brace. Defendant Johnson denied the plaintiff's grievance at the first step and has failed to respond to the plaintiff's informal complaints.

**Qualified Immunity**

In response to the plaintiff's allegations, Defendants assert that they are entitled to qualified immunity in connection with Plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that Defendants' motion should be granted, in part. Plaintiff's allegations, accepted as true, fail to state a claim against defendant Johnson.

**Deliberate Indifference**

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

Defendants assert that the excerpts of the plaintiff's medical records attached to their Motion should be considered as part of the pleadings since the plaintiff references his medical records throughout his Complaint. In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 F. App'x. 336, 340-41 (5th Cir. 2011). Although a court may consider such documents, the court need not do so. *Brackens v. Stericycle, Inc.*, 829 F. App'x 17, 23 (5th Cir. 2020) (quoting *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014)).

In *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000), the court explained that this exception to Rule 12(b)(6) is beneficial because, by attaching a document that meets the above criteria, "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has

been stated." It is unclear exactly what documents the *Collins* court held were properly considered, but it was either a contract or "fairness opinion" one of the parties had written for a transaction. The *Collins* exception is best confined to cases where the documents introduced are truly the basis of the claim, such as a contract or lease. The medical records attached here are not the basis of the claim. They are evidence submitted to refute the plaintiff's claim. Application of *Collins* to this case would allow the defendant to use the exception as a weapon rather than a convenient tool that benefits all parties and the Court. Accordingly, the Court declines to consider excerpts of the plaintiff's medical records[1].

Plaintiff's Complaint, as amended, states a claim for deliberate indifference to his serious medical needs. The plaintiff alleges that despite complaints of pain and swelling along with an x-ray, from March of 2020, showing that both surgical screws in the plaintiff's ankle were broken, the plaintiff was not referred to an orthopedic specialist until August of 2021. The specialist, Dr. Sylvest, recommended that the plaintiff be evaluated by an orthopedic surgeon. To date, the plaintiff has not been evaluated by an orthopedic surgeon. Nor has the plaintiff been given an appropriate duty status given the symptomatic hardware in his ankle. The plaintiff has only been provided with an ankle brace, that was intended as a temporary measure until the plaintiff could be evaluated by a surgeon. The plaintiff continues to suffer from pain and swelling in his right ankle.

In short, the plaintiff alleges that defendants Toce and Lavespere ignored his medical complaints regarding his ankle for over a year before finally referring the plaintiff to an

---

[1] A review of the plaintiff's original Complaint reveals a narrative of his medical/treatment history with only sparse references to actual medical records that could be considered central to the plaintiff's claims – x-ray reports from May of 2006 and March of 2020, and a duty status issued in July of 2019. In his Amended Complaint, the only record referenced or attached by the plaintiff that could considered central to his claims is a duty status issued in June of 2008. The remainder of the documents attached pertain to the plaintiff's initial surgery and follow up care which occurred decades earlier. None of these documents are needed by the Court to determine whether the plaintiff has stated a claim upon which relief may be granted.

orthopedic specialist. The plaintiff additionally alleges that the defendants have continued to ignore his medical complaints relative to his ankle since the plaintiff was seen by Dr. Sylvest in August of 2021. Accepting these allegations as true at this stage in the proceedings, the plaintiff has stated a claim for deliberate indifference to his serious medical needs against defendants Toce and Lavespere.

Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying Plaintiff an opportunity to develop facts to support his complaint. Sufficient procedures are available to a defendant to seek summary disposition of a lawsuit after a plaintiff has been afforded some opportunity to develop facts to support his complaint. If after some time for discovery Plaintiff is not able to substantiate his claims, the Court will, of course, entertain further motions by the parties. At this time, the defendants' Motion to Dismiss should be denied with regards to the plaintiff's claim of deliberate indifference asserted against defendants Toce and Lavespere.

## Grievances

With regards to the plaintiff's claim that defendant Johnson inappropriately denied his grievance, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings (including informal complaints) properly investigated, handled, or favorably resolved, *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his

satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

As such, the plaintiff's Complaint, as amended, fails to state a claim upon which relief may be granted against defendant Johnson. The defendants' Motion should be granted in this regard.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that Defendant's Motion to Dismiss (R. Doc. 12) be granted, in part, dismissing the plaintiff's claims against defendant Johnson, with prejudice. It is further recommended that, in all other regards, the Defendants' Motion to Dismiss (R. Doc. 12) be denied, and that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on May 17, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**